UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**Onondaga Hilltop Homes, Inc. and Parkside Commons Preservation, L.P.,**

        **Plaintiffs,**

        -v-        5:12-CV-626 (NAM/ATB)

**Syracuse Housing Authority and New York State Housing Finance Agency,**

        **Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**Syracuse Housing Authority,**

        **Third-Party Plaintiff and Cross-Claimant,**

        -v-

**Shaun Donovan, Secretary, United States Department of Housing and Urban Development,**

        **Third-Party Defendant,**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

McMahon, Kublick & Smith, PC
Jan S. Kublick, Esq., of counsel
500 South Salina Street, Suite 816
Syracuse, New York 13202
and
Coan & Lyons
Carl A.S. Coan, III, Esq., of counsel
1100 Connecticut Avenue NW, Suite 1000
Washington, DC 20036
Attorneys for Plaintiffs

Mackenzie, Hughes LLP
Jennifer Ploetz Williams, Esq., of counsel
Neil J. Smith, Esq., of counsel
101 South Salina Street
Syracuse, New York 13221
Attorneys for Defendant/Third-Party Plaintiff/Cross-Claimant Syracuse Housing Authority

Hoguet, Newman Regal & Kenney, LLP
Joshua D. Rievman, Esq., of counsel
10 East 40th Street
New York, New York 10016
Attorney for Defendant/Cross-Defendant New York State Housing Finance Agency

United States Department of Justice
Kyle A. Forsyth, Esq.
1100 L Street, P.O. Box 875
Washington, DC 20044-0875
and
Office of United States Attorney
Thomas Spina , Jr., Esq.
218 James T. Foley U.S. Courthouse, 445 Broadway
Albany, New York 12207-2924
Attorneys for Third-Party Defendant Shaun Donovan, Secretary, United States Department of Housing and Urban Development

**Hon. Norman A. Mordue, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## INTRODUCTION

Plaintiffs, private owners of a multifamily rental housing project known as Parkside Commons, receive rent subsidies under Section 8 of the United States Housing Act, 42 U.S.C. § 1437f ("Section 8"). Defendants Syracuse Housing Authority ("SHA") and New York State Housing Finance Agency ("NYSHFA") are public housing authorities within the meaning of Section 8. Pursuant to a 1981 Housing Assistance Payments Contract ("HAP Contract") with SHA (which was replaced by NYSHFA as contract administrator in 1993), plaintiffs receive rental subsidies in the form of housing assistance payments on behalf of low-income families residing in Parkside Commons. In this action, plaintiffs claim that defendants breached the HAP Contract by failing to make the appropriate payments.

NYSHFA moves (Dkt. No. 19) to dismiss the complaint for failure to state a claim. Fed.R.Civ.P. 12(b)(6). Third-party defendant Shaun Donovan, Secretary of the United States

Department of Housing and Urban Development ("HUD"), moves (Dkt. No. 28) for partial dismissal of the third-party complaint on grounds of lack of subject-matter jurisdiction and failure to state a claim. Fed.R.Civ.P. 12(b)(1), (6). The Court denies NYSHFA's motion in its entirety. The Court grants HUD's motion in part and denies it in part.

## COMPLAINT

This case involves one of the mechanisms by which HUD provides rent subsidies under Section 8. HUD makes rental assistance payments, called annual contributions, to a public housing authority such as SHA or NYSHFA in accordance with an Annual Contributions Contract between HUD and the public housing authority. In turn, the public housing authority pays a portion of the annual contributions it receives from HUD to an owner of rental housing, such as plaintiffs, in the form of housing assistance payments pursuant to a HAP Contract between the public housing authority and the owner. The HAP Contract establishes a monthly rental amount ("contract rent") for each covered unit. The public housing authority pays to the property owner a monthly housing assistance payment, which is the difference between the contract rent for each unit and the amount of rent that the tenant is required by law to pay.

Plaintiffs claim that under the HAP Contract between plaintiff Onondaga Hilltop Homes, Inc. and NYSHFA's predecessor SHA, plaintiffs are entitled to an annual increase in the contract rents and a resulting increase in the housing assistance payments.[1] Thus, plaintiffs claim, NYSHFA has breached the HAP Contract by failing to increase the contract rents. Plaintiffs further claim that NYSHFA is improperly applying a HUD-promulgated schedule in calculating

---

[1] A page is missing from the copy of the HAP Contract attached to the complaint. A complete copy is attached to NYSHFA's motion to dismiss.

the contract rent due to plaintiffs for "non-turnover" units, that is, units occupied by the same tenants for consecutive years. In addition, plaintiffs claim that, without authorization, NYSHFA has required plaintiffs to submit a rent comparability study as a prerequisite to receiving a rent increase. Plaintiffs seek compensatory and declaratory relief.

## NYSHFA'S MOTION TO DISMISS

To survive a dismissal motion, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in plaintiff's favor. *See ATSI*, 493 F.3d at 98.

In moving to dismiss, NYSHFA argues that it did not breach any provision of the HAP Contract. Rather, it contends, it merely paid the amount of housing assistance payments due to plaintiffs in accordance with the HAP Contract and the schedules and criteria established by HUD. NYSHFA avers that it correctly denied automatic rental increases, correctly applied the non-turnover deduction, and properly required plaintiffs to submit rent comparability studies as a prerequisite to a rent increase.

The Court finds that the complaint pleads sufficient facts to make out a plausible claim that NYSHFA breached its contractual obligation to plaintiffs by failing to pay plaintiffs the sums to which they are entitled. For example, in challenging NYSHFA's administration of the HAP Contract, plaintiffs allege that NYSHFA lacked authority to require a rent comparability study

prior to receiving a rent increase. Plaintiffs also claim that NYSHFA's use of the non-turnover adjustment table is improper. The Court cannot determine on the face of the complaint, the HAP Contract, and the HUD documents whether NYSHFA has correctly carried out its obligations to plaintiffs. Thus, NYSHFA has not demonstrated that plaintiffs have failed to state a claim. NYSHFA's motion to dismiss is denied.

## THIRD-PARTY COMPLAINT

SHA interposed a third-party complaint against HUD, seeking injunctive and declaratory relief, as well as indemnification in the event that it is found liable to plaintiffs for breach of contract. Count I alleges that if HUD has caused SHA to breach the contract with plaintiffs, HUD's actions are arbitrary and capricious and otherwise violate the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. Count II sounds in breach of contract, and claims that if HUD has caused SHA to breach the HAP Contract with plaintiffs, HUD has also breached the related Annual Contributions Contract with SHA. Count III seeks a declaration of SHA's rights and responsibilities regarding future adjustments of contract rents.

## HUD'S MOTION FOR PARTIAL DISMISSAL

The third-party complaint pleads facts that make out plausible claims against HUD. HUD's motion for partial dismissal raises numerous issues that cannot be determined at this stage of the action. To the extent SHA seeks a declaration regarding HAP Contracts other than the contract which is the subject of the complaint, those contracts are not before the Court and cannot be addressed in this action. In any event, upon review of SHA's opposition to HUD's motion, the Court deems SHA to have abandoned any such claim. Nor does SHA oppose HUD's request to strike the jury demand in the third-party complaint. *See Lehman v. Nakshian*, 453 U.S. 156, 168

(1981) ("[T]he plaintiff in an action against the United States has a right to trial by jury only where Congress has affirmatively and unambiguously granted that right by statute."). Accordingly, HUD's motion is granted to the extent of striking the jury demand in the third-party complaint and dismissing any claim for a declaration regarding HAP Contracts other than the contract which is the subject of the complaint, and is otherwise denied.

## CONCLUSION

It is therefore

ORDERED that the motion to dismiss by defendant New York State Housing Finance Agency (Dkt. No. 19) is denied; and it is further

ORDERED that the motion for partial dismissal by third-party defendant Shaun Donovan, Secretary of Housing and Urban Development (Dkt. No. 28) is granted to the extent of striking the jury demand in the third-party complaint and dismissing any claim for a declaration regarding Housing Assistance Payment contracts other than the contract which is the subject of the complaint, and is otherwise denied; and it is further

ORDERED that third-party defendant Shaun Donovan, Secretary of Housing and Urban Development is directed to answer the third-party complaint in accordance with the Federal Rules of Civil Procedure.

IT IS SO ORDERED.
March 13, 2013
Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge